AVI WEITZMAN (admitted *pro hac vice*)
aviweitzman@paulhastings.com
JENNIFER CONN (*pro hac vice* application forthcoming)
jenniferconn@paulhastings.com
JACKSON HERNDON (SBN 295697)
jacksonherndon@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:   (212) 318-6000
Facsimile:    (212) 230-7689

PETER MEIER (SBN 179019)
petermeier@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7070

Attorneys for Plaintiff
CYRUS HODES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CYRUS HODES,<br><br>        Plaintiff,<br><br>   v.<br><br>MOHAMMAD AMAD MOSTAQUE, STABILITY AI INC., a Delaware Corporation, and STABILITY AI LTD., a UK Corporation,<br><br>        Defendants. | CASE NO. 23-cv-03481-MMC<br><br>**DECLARATION OF AVI WEITZMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE THE BRIEFING SCHEDULE**<br><br>Judge: Maxine M. Chesney<br>Courtroom: 7, 19th Floor<br>Hearing Date: September 1, 2023<br>Hearing Time: 9:00 a.m. |

**DECLARATION OF AVI WEITZMAN**

I, Avi Weitzman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner of the law firm Paul Hastings LLP, attorneys for Plaintiff Cyrus Hodes in this action. I am admitted to practice before this Court *pro hac vice*. I make this Declaration in support of Plaintiff's Motion for Administrative Relief to Expedite the Briefing Schedule. I have personal knowledge of the matters stated herein, and if called as a witness, I could and would testify competently thereto.

2. As set forth more fully in the Declaration of Avi Weitzman in support of Plaintiff's Motion for an Order Permitting Limited Early Discovery Regarding Document Spoliation (the "Motion for Early Discovery"), Plaintiff sent a Demand Letter and Preservation Notice to Defendants in December 2022, demanding that Defendants undertake preservation efforts concerning all relevant documents, including the WhatsApp messages. On March 8, 2023, Mr. Mostaque tweeted publicly that his "WhatsApp got deleted . . . ." After discovering this tweet, Plaintiff sent a letter on April 24, 2023 to counsel for Defendants asking them to "advise us immediately whether Mr. Mostaque's WhatsApp messages between 2020 and March 2023 have been spoliated, and whether your firm and/or Stability AI secured an image of Mr. Mostaque's WhatsApp prior to deletion." Defense counsel inexplicably did not respond to this letter, and thus did not deny that the spoliation of documents had occurred. In a call on June 9, 2023, Defendants' attorney, Michael C. Keats, confirmed that Mr. Mostaque's WhatsApp messages had been deleted. Defense counsel then claimed for the first time that the "app crashed long before [Mr. Hodes] ever made a demand" in December 2022.

3. On July 24, 2023, I advised defense counsel that Plaintiff intended to seek an order permitting Plaintiff to take "early discovery from [Defendants] and various third parties regarding Defendants' preservation efforts and the extent of any spoliation, and an order requiring Defendants to provide a certification confirming their imaging of Mr. Mostaque's smart phones, iCloud account, and computer devices (including laptops, desktops, and iPads) to ensure that no further evidence is lost." I further advised counsel that "Plaintiff intends to ask the Court to expedite the briefing schedule such that Defendants' opposition would be due in

one week and Plaintiff's reply would be due three days later." I further asked counsel to advise whether his clients would consent to these requests. A true and correct copy of this July 24, 2023 correspondence is attached as Exhibit 1 hereto.

4.  Less than an hour later, defense counsel responded that Defendants "will not consent to [Plaintiff's] motion . . . ." Notably, defense counsel confirmed that Defendant Mostaque's WhatsApp messages likely have been "deleted," but speculated that this deletion occurred "long ago" given that Mostaque's communications with Plaintiff Hodes "date back from 2020-2022." A true and correct copy of this July 24, 2023 correspondence is attached as Exhibit 2 hereto.

5.  Plaintiff filed his Motion for Early Discovery contemporaneously herewith. In it, Plaintiff explains that he will suffer substantial harm and prejudice—possibly irreparably—if he is not permitted (i) to take early discovery concerning Defendants' preservation efforts and the extent of any spoliation and (ii) to serve early third party subpoenas on individuals and entities that possess the only remaining copies of the deleted messages. WhatsApp messages will be highly relevant in this case, given Plaintiff's allegations that Defendant Mostaque used WhatsApp as a primary means of communication and that Defendant Mostaque secretly communicated with investors and raised a massive valuation of Stability AI just before he deceived Plaintiff into selling back his founder shares in the Company on the false premise that the Company was essentially worthless. Given that some of these messages have already been lost and the fact that electronically stored information is often subject to routine and automatic data retention deletion, Plaintiff seeks expedited relief to avoid any further harm or prejudice that would result if these messages are deleted.

6.  This is the first request for a time modification in this case. The requested relief would not affect the parties' stipulated motion to dismiss briefing schedule and would only permit Plaintiff to take the limited early discovery necessary to address these preservation and spoliation issues.

I declare under penalty of perjury that the foregoing is true and correct.

- 4 -

Dated: July 24, 2023                          Respectfully submitted,

                                              By: */s/ Avi Weitzman*
                                                    Avi Weitzman

DECLARATION OF AVI WEITZMAN IN SUPPORT OF EXPEDITED BRIEFING