IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HODES,<br>　　　　Plaintiff,<br>　v.<br>MOHAMMAD AMAD MOSTAQUE, et al.,<br>　　　　Defendants. | Case No. 23-cv-03481-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER PERMITTING LIMITED EARLY DISCOVERY REGARDING DOCUMENT SPOLIATION** |

　　　　Before the Court is plaintiff's "Motion for an Order Permitting Limited Early Discovery Regarding Document Spoliation," filed July 24, 2023.  Defendants have filed opposition, to which plaintiff has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination of the parties' respective written submissions, vacates the hearing scheduled for September 1, 2023, and rules as follows.

　　　　By the instant motion, plaintiff seeks "permission to take early discovery from [d]efendants and related entities/individuals about [d]efendants' preservation efforts (if any) and the extent of any spoliation of evidence."  (See Mot. 3:17-19.)

　　　　Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  See Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally apply a "good cause" standard in considering motions to expedite discovery.  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice,

outweighs the prejudice to the responding party." Id. at 276.  In determining whether good cause justifies expedited discovery, courts consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." See Facebook, Inc. v. Various, Inc., 2011 WL 2437433, at *2 (N.D. Cal. June 17, 2011).

Having considered the above-referenced factors, the Court finds, on the record presented, none weighs in favor of granting the motion, and, of particular significance, finds plaintiff has failed to show the circumstances surrounding the deletion of WhatsApp messages, the event that prompted the filing of the instant motion, demonstrate spoliation or any other need for the relief requested.

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 25, 2023

MAXINE M. CHESNEY
United States District Judge